STATE v. THOMPSON

[128 N.C. App. 547 (1998)]

No. COA97-236

(Filed 17 February 1998)

**1. Appeal and Error § 418 (NCI4th)— constitutional claim— failure to argue in brief—waiver**

Defendant waived any consideration of a double jeopardy claim under the North Carolina Constitution where defendant's brief cited the district court's conclusion that both the federal and state constitutions provide protection from double jeopardy but made no argument regarding the North Carolina Constitution.

**2. Appeal and Error § 77 (NCI4th)— order reinstating charges—interlocutory appeal—refusal of certification**

Trial judges would, in the exercise of their discretion, be well advised to refuse to certify cases pursuant to N.C.G.S. § 15A-1432(d), which permits an interlocutory appeal of a superior court's reversal of a district court's dismissal of criminal charges if defendant or his attorney certifies that the appeal is not taken for delay and the judge finds the cause is appropriately justiciable in the appellate division as an interlocutory matter; instead, trial judges should proceed to

judgment on the pending criminal charges so that defendants will be required to appeal all relevant issues in the case.

**3. Arrest and Bail § 143 (NCI4th)— domestic violence— detention without bond—not double jeopardy**

The statute permitting pretrial detention without bond for up to forty-eight hours for crimes of domestic violence, N.C.G.S. § 15A-534.1, is regulatory, not punitive in nature, and therefore does not constitute punishment for purposes of double jeopardy.

**4. Appeal and Error § 418 (NCI4th)— constitutionality of statute as applied—waiver of challenge**

Pursuant to N.C. R. App. P. 28(b)(5), defendant waived any challenge to the constitutionality of a statute as applied to him where defendant's assignments of error with respect to these arguments attacked only the facial validity of the statute and not the constitutionality of the statute as applied to defendant.

**5. Arrest and Bail § 143 (NCI4th)— domestic violence— detention without bond—substantive due process**

Pretrial detention of defendant for alleged domestic violence without bond for up to 48 hours as authorized by N.C.G.S. § 15A-534.1 did not violate defendant's substantive due process rights. U.S. Const. amend. V.

**6. Arrest and Bail § 143— domestic violence—detention without bond—procedural due process**

N.C.G.S. § 15A-534.1 did not violate defendant's procedural due process rights where the statute provides that a defendant arrested for domestic violence shall receive a hearing, have pretrial release conditions determined within 48 hours of arrest, and the officer determining pretrial release conditions must be a judge.

Appeal by defendant from order entered 26 April 1996 by Judge Orlando F. Hudson, Jr., in Durham County Superior Court. Heard in the Court of Appeals 5 January 1998.

*Attorney General Michael F. Easley, by Associate Attorney General Teresa L. Harris, for the State.*

*Assistant Public Defender Russell J. Hollers, III, for defendant appellant.*

STATE v. THOMPSON

[128 N.C. App. 547 (1998)]

SMITH, Judge.

On 28 October 1995, defendant was arrested on charges of assault inflicting serious injury, assault on a female, and second degree trespass in violation of N.C. Gen. Stat. §§ 14-33(b)(1), (2) (1993) (effective 1 January 1995) (repealed 1 December 1995) and 14-159.13 (1993) (amended effective 1 January 1995), respectively. The charges arose out of alleged assaults by defendant on two women, one of whom claimed to be a former domestic partner of defendant, on 20 October 1995. After his arrest, defendant was taken before a magistrate but was denied pretrial release on all charges. Pursuant to N.C. Gen. Stat. § 15A-534.1 (1997), which sets forth the conditions of bail and pretrial release for crimes of domestic violence, the magistrate ordered that defendant be brought before a judge or magistrate at 3:45 p.m. on 30 October 1995. On 30 October 1995, defendant was taken before a district court judge and ordered released upon posting a $5,000.00 secured bond. Defendant was released that day after posting bond.

On 11 December 1995, defendant's case was called for trial in district court. Defendant entered pleas of not guilty to all charges and also moved to dismiss the charges pursuant to N.C. Gen. Stat. § 15A-954(5) (1997) arguing that, since he had been held for nearly 48 hours without bond, further prosecution would violate the prohibition against double jeopardy. After a hearing, the district court, citing *United States v. Halper*, 490 U.S. 435, 448, 104 L. Ed. 2d 487, 502 (1989), *disavowed by Hudson v. United States*, 522 U.S. ——, —— L. Ed. 2d —— (1997), concluded that denial of pretrial release conditions for defendant amounted to punishment on the pending charges and that further prosecution would subject defendant to multiple punishments for the same offense in violation of U.S. Const. amend. V and N.C. Const. art. I, § 19. The district court then dismissed the charges against defendant.

The State appealed to superior court pursuant to N.C. Gen. Stat. § 15A-1432(a)(1) (1997). The superior court found that N.C. Gen. Stat. § 15A-534.1 was regulatory, rather than punitive, in nature and concluded the statute did not violate the Double Jeopardy Clauses of either the federal or state constitutions. The court ordered the charges against defendant reinstated and remanded the case to district court for trial. Defendant thereafter filed a notice of appeal to this Court.

STATE v. THOMPSON

[128 N.C. App. 547 (1998)]

**[1]** On appeal, defendant contends the superior court erred by concluding that N.C. Gen. Stat. § 15A-534.1 does not violate the Double Jeopardy Clauses in U.S. Const. amend. V and N.C. Const. art. I, § 19. He argues that his detention without bond for nearly 48 hours constituted punishment and that further prosecution for the charges would subject him to multiple punishments for the same offenses. While in his brief defendant cites the district court's conclusion that both the federal and state constitutions provide protection from double jeopardy, defendant makes no argument regarding the North Carolina Constitution. Thus, defendant has waived any consideration of a double jeopardy violation under the North Carolina Constitution. *See* N.C.R. App. P. 28(b)(5) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.")

**[2]** We first observe that defendant appealed the superior court's order reinstating the charges against him pursuant to N.C. Gen. Stat. § 15A-1432(d), which permits a defendant to pursue an interlocutory appeal of a superior court's reversal of a district court's dismissal of criminal charges if "the defendant, or his attorney, certifies to the superior court judge who entered the order that the appeal is not taken for the purpose of delay and if the judge finds the cause is appropriately justiciable in the appellate division as an interlocutory matter." While the issue is not before us, we entertain some doubt as to the constitutionality of this statute. *See* N.C. Const. art. I, § 6 ("The legislative, executive, and supreme judicial powers of the State government shall be forever separate and distinct from each other."); N.C. Const. art. IV, § 13(2) ("The Supreme Court shall have exclusive authority to make rules of procedure and practice for the Appellate Division."). However, because the issue is not presented, we will assume no constitutional problems exist and address the merits of defendant's appeal since his attorney certified that the appeal was not taken for the purpose of delay and the superior court found the cause appropriately justiciable in the appellate division as an interlocutory matter. We note however that the appeal would not be appropriately justiciable in the appellate division except for N.C. Gen. Stat. § 15A-1432(d). Thus, the phrase "appropriately justiciable" in the statute is meaningless. We believe that trial judges would, in the exercise of their discretion, be well advised to refuse to certify cases pursuant to this statute. Instead, for the sake of judicial efficiency, trial judges should proceed to judgment on the pending crim-

STATE v. THOMPSON

[128 N.C. App. 547 (1998)]

inal charges so that defendants will be required to appeal all relevant issues at the same time.

**[3]** N.C. Gen. Stat. § 15A-533(b) (1997) states that a defendant charged with a noncapital offense must have conditions of pretrial release set in accordance with N.C. Gen. Stat. § 15A-534 (1997), which delineates the procedure for determining conditions of pretrial release. N.C. Gen. Stat. § 15A-534.1(a) provides, in pertinent part:

> (a) In all cases in which the defendant is charged with assault on or communicating a threat to a spouse or former spouse or a person with whom the defendant lives or has lived as if married, with domestic criminal trespass, or with violation of an order entered pursuant to Chapter 50B, Domestic Violence, of the General Statutes, the judicial official who determines the conditions of pretrial release shall be a judge, and the following provisions shall apply in addition to the provisions of G.S. 15A-534:

> (1) Upon a determination by the judge that the immediate release of the defendant will pose a danger of injury to the alleged victim or to any other person or is likely to result in intimidation of the alleged victim and upon a determination that the execution of an appearance bond as required by G.S. 15A-534 will not reasonably assure that such injury or intimidation will not occur, a judge may retain the defendant in custody for a reasonable period of time while determining the conditions of pretrial release.

> (2) A judge may impose the following conditions on pretrial release:

>> a. That the defendant stay away from the home, school, business or place of employment of the alleged victim;

>> b. That the defendant refrain from assaulting, beating, molesting, or wounding the alleged victim;

>> c. That the defendant refrain from removing, damaging or injuring specifically identified property;

>> d. That the defendant may visit his or her child or children at times and places provided by the terms of any existing order entered by a judge.

> The conditions set forth above may be imposed in addition to requiring that the defendant execute a secured appearance bond.

\* \* \* \*

(b) A defendant may be retained in custody not more than 48 hours from the time of arrest without a determination being made under this section by a judge. If a judge has not acted pursuant to this section within 48 hours of arrest, the magistrate shall act under the provisions of this section.

In challenging the constitutionality of this statute, defendant carries a heavy burden. *Barringer v. Caldwell County Bd. Of Educ.*, 123 N.C. App. 373, 378, 473 S.E.2d 435, 438 (1996). "A strong presumption exists in favor of constitutionality, and a statute will not be declared unconstitutional unless it is clearly so, or the statute cannot be upheld on any ground. Moreover, 'a mere doubt [as to constitutionality] does not afford sufficient reason for a judicial declaration of invalidity.' " *Id.* at 378, 473 S.E.2d at 438-39 (citations omitted).

The Double Jeopardy Clause of U.S. Const. amend. V states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." One of the protections afforded by this clause is the prohibition against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 23 L. Ed. 2d 656, 665 (1969). Defendant relies on *Halper*, as cited in the district court's order, to support his argument that his detention without bond for nearly 48 hours constituted punishment for purposes of double jeopardy. In *Halper*, defendant was charged with and convicted of 65 counts of violating 18 U.S.C. § 287, the criminal false-claims statute, for which he was sentenced to two years' imprisonment and fined $5,000.00. *Halper*, 490 U.S. at 437, 104 L. Ed. 2d at 495. The Government subsequently brought an action against defendant pursuant to the civil False Claims Act, 31 U.S.C. §§ 3729-3731. *Halper*, 490 U.S. 438, 104 L. Ed. 2d at 495. The question presented to the Court was whether the penalty authorized by the False Claims Act, which would subject defendant to fines of $130,000.00 for false claims amounting to $585.00, constituted a second punishment for double jeopardy purposes. *Id.* at 441, 104 L. Ed. 2d at 497. In addressing this issue, the Court recognized that "punishment serves the twin aims of retribution and deterrence," and that "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can be explained only as also serving either retributive or deterrent purposes, is punishment . . . ." *Id.* at 448, 104 L. Ed. 2d at 502. The Court then held that "under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an

STATE v. THOMPSON

[128 N.C. App. 547 (1998)]

additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." *Id.* at 448-49, 104 L. Ed. 2d at 502. Because "the disparity between . . . the Government's costs and Halper's $130,000 liability [was] sufficiently disproportionate that the sanction constitute[d] a second punishment in violation of double jeopardy," the Court remanded the case to the district court to permit the Government to demonstrate the district court's assessment of its damages was erroneous. *Id.* at 452, 104 L. Ed. 2d at 504.

In analyzing the double jeopardy issue with respect to civil sanctions, this Court recently stated:

> Our . . . Supreme Court . . . has noted that *Halper* did not hold that every civil sanction be viewed as punishment; rather, *Halper* is a " 'rule for the rare case.' " A civil sanction may invoke double jeopardy protections as a form of "punishment" only if it is grossly disproportionate to legitimate State goals separate from those served by criminal prosecution. . . . Neither the severity of the sanction nor the fact that it has a deterrent purpose automatically establishes that it is a form of punishment. Nor does the fact that the sanction has a punitive component invoke double jeopardy protection where the government's remedial interests are tightly intertwined with its punitive interests.

*State v. Davis*, 126 N.C. App. 415, 419, 485 S.E.2d 329, 332 (1997) (citations omitted) (holding that school expulsion is not punishment invoking double jeopardy protection). *See also State v. Oliver*, 343 N.C. 202, 470 S.E.2d 16 (1996) (holding that ten-day driver's license revocation and $50.00 license restoration fee do not constitute punishment barring subsequent DWI prosecution under the double jeopardy clause).

Noting that "*Halper's* test for determining whether a particular sanction is 'punitive,' and thus subject to the strictures of the Double Jeopardy Clause, has proved unworkable[,]" the United States Supreme Court, in *Hudson v. United States*, 522 U.S. ——, ——, —— L. Ed. 2d ——, —— (1997), recently disavowed in large part *Halper's* method of analysis. In *Hudson*, the Court held that administratively imposed monetary penalties and occupational debarment for violations of federal banking statutes were civil, and not criminal penalties, and that the subsequent criminal prosecution of petitioners for the same conduct for which they had already been civilly sanctioned did not violate the Double Jeopardy Clause. *Id.* at ——, —— L. Ed. 2d

at ——. In reaching this conclusion, the Court acknowledged that "all civil penalties have some deterrent effect. If a sanction must be 'solely' remedial (i.e., entirely nondeterrent) to avoid implicating the Double Jeopardy Clause, then no civil penalties are beyond the scope of the Clause." *Id.* at ——, —— L. Ed. 2d at —— (citations omitted). The Court also recognized that *Halper's* method of analysis "focused on whether the sanction, regardless of whether it was civil or criminal, was so grossly disproportionate to the harm caused as to constitute 'punishment.' " *Id.* at ——, —— L. Ed. 2d at ——. The Court concluded that the determination of whether a particular punishment was civil or criminal in nature required a review of the factors listed in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 9 L. Ed. 2d 644, —— (1963). *Hudson*, 522 U.S. at ——, —— L. Ed. 2d at ——. These factors include:

(1) "[w]hether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been regarded as a punishment"; (3) "whether it comes into play only on a finding of scienter"; (4) "whether its operation will promote the traditional aims of punishment-retribution and deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purpose assigned."

*Id.* The Court stated, however, that no one factor should be controlling. *Id.* at ——, —— L. Ed. 2d at ——.

We are aware that the double jeopardy issues raised in both *Halper* and *Hudson* involve the imposition of criminal and civil sanctions, and not the imposition of multiple criminal punishments. Nevertheless, several cases have employed the *Kennedy* factors in determining whether pretrial detention constitutes punishment without proof of guilt in violation of due process. *See Schall v. Martin*, 467 U.S. 253, 81 L. Ed. 2d 207 (1984); *United States v. Salerno*, 481 U.S. 739, 95 L. Ed. 2d 697 (1987). We therefore find these factors helpful in determining whether N.C. Gen. Stat. § 15A-534.1 is regulatory or punitive in nature.

Applying the *Kennedy* factors in the instant case, we acknowledge that while pretrial detention without bond invokes an affirmative restraint, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *Salerno*, 481 U.S. at 746, 95 L. Ed. 2d at 708. It is evident

the intent of N.C. Gen. Stat. § 15A-534.1 is to protect victims of domestic violence from further harm by their abusers and to provide a period of time in which inflamed tempers may abate. This statute, which was originally enacted as part of 1979 N.C. Sess. Laws ch. 561, "An Act to Provide Remedies for Domestic Violence," authorizes the detention of a defendant for a reasonable period of time upon a determination that the immediate release of the defendant would pose a danger of injury or intimidation to the victim, and that an appearance bond would not reasonably assure that such injury or intimidation would not occur. N.C. Gen. Stat. § 15A-534.1(a)(1). As the Supreme Court recognized in *Schall*, "there is nothing inherently unattainable about a prediction of future criminal conduct." 467 U.S. at 278, 81 L. Ed. 2d at 226. The conditions of pretrial release found in N.C. Gen. Stat. § 15A-534.1(a)(2) are also intended to shield victims from further harm, as evidenced by the restrictions they impose on a defendant's contact with a victim's person and property. "The 'legitimate and compelling state interest' in protecting the community from crime cannot be doubted." *Schall*, 467 U.S. at 264, 81 L. Ed. 2d at 217 (citation omitted).

N.C. Gen. Stat. § 15A-534.1 was amended in 1995 to provide that the determination of pretrial release conditions shall be made by a judge rather than a magistrate, and also to provide that a defendant may not be held more than 48 hours without having conditions of pretrial release set. 1995 N.C. Sess. Laws ch. 527, § 3. Since N.C. Gen. Stat. § 15A-534.1 as originally enacted did not allow for detention of up to 48 hours or require a judge to determine conditions of pretrial release, it is apparent that the purpose of the amendment was to allow not only for the safety of domestic violence victims, but also to permit a judge to determine conditions of pretrial release for those defendants charged with crimes of domestic violence. It is significant that N.C. Gen. Stat. § 15A-534.1 does not *require* pretrial detention or prescribe any minimum period of detention. Thus, a defendant will not necessarily be detained under the statute. However, if a judge does not act within 48 hours from the time of a defendant's arrest, as can be the case when weekends are involved, a determination as to conditions of pretrial release must be made by a magistrate. N.C. Gen. Stat. § 15A-534.1(b). The statute, therefore, cannot be said to further the goals of retribution or deterrence, but rather to promote the safety of domestic violence victims, allow for the cooling of tempers and permit a judge to set conditions of pretrial release for defendants charged with crimes of domestic violence.

STATE v. THOMPSON

[128 N.C. App. 547 (1998)]

Additionally, in *County of Riverside v. McLaughlin*, 500 U.S. 44, 56, 114 L. Ed. 2d 49, 63 (1991), the Supreme Court held that pretrial detention of up to 48 hours for the purpose of determining probable cause is constitutionally permissible. In light of this, we believe pretrial detention without bond for up to 48 hours as authorized by N.C. Gen. Stat. § 15A-534.1 is not excessive in relation to the goals sought to be achieved by the statute.

For the foregoing reasons, we conclude N.C. Gen. Stat. § 15A-534.1 is regulatory, and not punitive in nature, and therefore does not constitute punishment for purposes of double jeopardy. Thus, further prosecution of defendant for the crimes with which he was charged will not violate the Double Jeopardy Clause of U.S. Const. amend. V.

[4] Defendant also contends the superior court erred by concluding that N.C. Gen. Stat. § 15A-534.1 does not violate the Due Process Clauses of either the United States Constitution or the North Carolina Constitution, or any other substantive law. He argues that the statute is unconstitutional as applied to him because its operation denied him his fundamental right to liberty and guarantees of freedom from excessive bail. However, defendant's assignments of error with respect to these arguments attack only the facial validity of the statute, and not the constitutionality of the statute as applied to defendant. Thus, pursuant to N.C.R. App. P. 28(b)(5), defendant has waived any challenge to the constitutionality of the statute as applied to him. Further, defendant has also failed to present arguments regarding excessive bail or any other state constitutional violations. Thus, defendant has waived any further consideration of those issues.

The Due Process Clause of U.S. Const. amend. V states that no person shall "be deprived of life, liberty, or property, without due process of law . . . ." The Due Process Clause protects against two types of government action: substantive due process prevents the government from engaging in conduct that " 'shocks the conscience' " or interferes with rights " 'implicit in the concept of ordered liberty,' " and procedural due process ensures that government action depriving a person of life, liberty or property is implemented in a fair manner. *Salerno*, 481 U.S. at 746, 95 L. Ed. 2d at 708 (citations omitted).

Defendant cites *Salerno*, which involved a challenge to the Bail Reform Act of 1984, in support of his argument that N.C. Gen. Stat. § 15A-534.1 violates due process. In *Salerno*, the Supreme Court held that the Bail Reform Act did not violate substantive or procedural due

process. *Salerno*, 481 U.S. at 752, 95 L. Ed. 2d at 712. Nevertheless, defendant argues that a comparison of N.C. Gen. Stat. § 15A-534.1 and the Bail Reform Act shows that N.C. Gen. Stat. § 15A-534.1 violates due process since it lacks the procedural safeguards contained in the Bail Reform Act.

The Bail Reform Act of 1984 permitted federal courts to detain arrestees pending trial if the government demonstrated by clear and convincing evidence after an adversarial hearing that no release conditions would "reasonably assure . . . the safety of any other person and the community . . . ." *Salerno*, 481 U.S. at 741, 95 L. Ed. 2d at 705. The Act also provided that arrestees had the right to request counsel, to testify, to present witnesses, to offer evidence, and to cross-examine other witnesses at the detention hearing, and also set forth factors to be considered in making the detention decision, including the nature and seriousness of the charges and of the danger posed by release, the substantiality of the government's evidence, and the arrestee's background and characteristics. *Id.* at 742-43, 95 L. Ed. 2d at 705-06. While these characteristics are admittedly lacking from N.C. Gen. Stat. § 15A-534.1, N.C. Gen. Stat. § 15A-534.1 does not require pretrial detention, whereas the Bail Reform Act required complete pretrial detention with no conditions of release. Thus, we believe a comparison between the two statutes is inappropriate.

**[5]** We next address the issue of whether N.C. Gen. Stat. § 15A-534.1 violates substantive due process.

> In determining whether a law violates substantive due process, the United States Supreme Court long ago formulated a two-tiered test: if the right infringed upon is a "fundamental" right, then the law will be viewed with strict scrutiny and the party seeking to apply the law must demonstrate a compelling state interest for the law to survive a constitutional attack; if the right infringed upon is not a fundamental right, then the party applying the law need only demonstrate that the statute is rationally related to a legitimate state interest.

*Dixon v. Peters*, 63 N.C. App. 592, 598, 306 S.E.2d 477, 481 (1983) (citing *Williamson v. Lee Optical*, 348 U.S. 483, 99 L. Ed. 2d 563 (1955)).

Under either level of scrutiny, N.C. Gen. Stat. § 15A-534.1 cannot be said to violate substantive due process. As mentioned previously, the State has a legitimate and compelling interest in preventing crime. *Schall*, 476 U.S. at 264, 81 L. Ed. 2d at 217. Because domestic

violence is unfortunately a growing problem in our society, we believe the State has a legitimate and compelling interest in allowing judges who are experienced in criminal and domestic matters to determine the conditions of pretrial release for those who have been charged with domestic violence crimes. While we acknowledge "the importance and fundamental nature" of an "individual's strong interest in liberty," *Salerno*, 481 U.S. at 750, 95 L. Ed. 2d at 711, it is well established that the government, in certain circumstances, has the authority to "restrain individuals' liberty prior to or even without criminal trial and conviction . . . ." *Id.* at 749, 95 L. Ed. 2d at 710. Thus, we conclude pretrial detention without bond for up to 48 hours as authorized by N.C. Gen. Stat. § 15A-534.1 does not violate substantive due process.

**[6]** We now turn to the issue of whether N.C. Gen. Stat. § 15A-534.1 violates procedural due process. In *Mathews v. Eldridge*, 424 U.S. 319, 335, 47 L. Ed. 2d 18, 33 (1976), the Supreme Court set forth three factors to be considered in analyzing due process problems:

> [F]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Keeping in mind the importance of an individual's liberty interest, we do not believe N.C. Gen. Stat. § 15A-534.1 violates procedural due process. The statute provides that defendant shall receive a hearing and have pretrial release conditions determined within 48 hours of arrest, N.C. Gen. Stat. § 15A-534.1(b), and also requires that the officer determining pretrial release conditions be a judge. N.C. Gen. Stat. § 15A-534.1(a). Further, as mentioned earlier, it is constitutionally permissible for a defendant to be detained for up to 48 hours. *County of Riverside*, 500 U.S. at 56, 114 L. Ed. 2d at 63. Thus, N.C. Gen. Stat. § 15A-534.1 cannot be said to violate procedural due process.

We therefore conclude the trial court properly held that N.C. Gen. Stat. § 15A-534.1 does not violate either the Double Jeopardy or Due Process Clauses of the United States Constitution. We have carefully reviewed defendant's remaining assignments of error and find them to be without merit. This case is remanded to the superior court for further remand to the district court.

Affirmed and remanded.

Chief Judge ARNOLD and Judge MARTIN, John C., concur.