STATE OF NORTH CAROLINA v. DERRICK MALETTE

No. 79PA98

(Filed 5 February 1999)

**Bail and Pretrial Release— domestic violence—pretrial detention and release—due process, double jeopardy rights of defendant**

The statute setting forth the conditions of bail and pretrial release for individuals accused of crimes of domestic violence, N.C.G.S. § 15A-534.1(b), did not violate due process or double jeopardy as applied to defendant where defendant was arrested and taken before a magistrate who ordered that he be brought

before a judge pursuant to the statute on the very next day; defendant was in fact brought before a district court judge the following day, and she set a secured bond of $10,000, which was subsequently reduced to $1,000; and there is no evidence that the magistrate arbitrarily set a forty-eight-hour limit or that the State did not move expeditiously in bringing defendant before a judge.

Justices MARTIN and WAINWRIGHT did not participate in the consideration or decision of this case.

On appeal of a substantial constitutional question pursuant to N.C.G.S. § 7A-30(1) and on discretionary review pursuant to N.C.G.S. § 7A-31 of a per curiam, unpublished decision of the Court of Appeals, 128 N.C. App. 749, 496 S.E.2d 850 (1998), affirming an order and supplemental order entered by Hudson, J., at the 18 March 1996 Criminal Session of Superior Court, Durham County. Heard in the Supreme Court 14 October 1998.

*Michael F. Easley, Attorney General, by Teresa L. Harris, Assistant Attorney General, for the State.*

*Office of the Public Defender, by Russell J. Hollers III, Assistant Public Defender, for defendant-appellant.*

ORR, Justice.

The issue in this case is whether N.C.G.S. § 15A-534.1(b), which sets forth the conditions of bail and pretrial release for individuals accused of crimes of domestic violence, is unconstitutional, on its face and as applied to defendant, under the Due Process and Double Jeopardy Clauses of the United States Constitution. In *State v. Thompson*, 349 N.C. 483, 508 S.E.2d 277 (1998), we held that N.C.G.S. § 15A-534.1(b), while unconstitutionally applied to the defendant in that case, is facially constitutional for the reasons set forth therein. Thus, we turn our attention to whether N.C.G.S. § 15A-534.1(b) has been applied constitutionally to defendant in this case.

On 28 October 1995, a warrant was issued for defendant's arrest for assault inflicting serious injury on Dorian Jones by hitting and kicking her, causing internal bleeding necessitating medical attention. Defendant was served with the warrant and arrested on 3 December 1995. He was taken before a magistrate on that date. The magistrate marked the release order form, "Your release is not authorized." The magistrate then indicated under the "Order for

Commitment" to "Hold for District Court Judge 12-4-95 for domestic violence 15A-534.1."

On 4 December 1995, defendant was taken before District Court Judge Carolyn Johnson, who set a secured bond of $10,000. On 7 December 1995, the State and defendant's counsel agreed to a secured bond in the amount of $1,000 on the condition that defendant have no contact with the victim. District Court Judge Kenneth Titus signed the order, and defendant was released that day after posting bond.

When defendant's case was called on 11 December 1995, he moved to dismiss the charge pursuant to N.C.G.S. § 15A-954(5), arguing that prosecution of the case violated the Double Jeopardy Clause of the United States Constitution. On 11 December 1995, after a hearing, District Court Judge William Y. Manson entered an order dismissing the charge against defendant on the constitutional grounds of double jeopardy and due process. The State appealed to the Superior Court.

The matter was heard by Judge Orlando F. Hudson, Jr., at the 18 March 1996 Criminal Session of Superior Court, Durham County. On 26 April 1996, *nunc pro tunc* 21 March 1996, Judge Hudson entered an order finding that N.C.G.S. § 15A-534.1 is regulatory rather than punitive in nature, concluded that the statute is constitutional, reinstated the charges against defendant, and remanded the case to the District Court for trial.

On 29 April 1996, Judge Hudson entered a supplemental order, adding to the findings of the 26 April 1996 order. Defendant appealed both orders to the Court of Appeals.

For the reasons it stated in *State v. Thompson*, 128 N.C. App. 547, 496 S.E.2d 597 (1998), the Court of Appeals in this case affirmed the Superior Court in a per curiam, unpublished opinion. On 7 May 1998, this Court allowed defendant's petition for discretionary review and retained his notice of appeal of a constitutional question.

In our review of *Thompson*, we stated that "pretrial detention pursuant to N.C.G.S. § 15A-534.1(b) does not pass constitutional muster in a particular case simply because it is constitutionally permissible in the abstract. Constitutional attacks on criminal statutes must often 'be made on a case-by-case basis.' " *Thompson*, 349 N.C. 497, 508 S.E.2d at 285 (quoting *Schall v. Martin*, 467 U.S. 253, 269 n.18, 81 L. Ed. 2d 207, 220 n.18 (1984)). In determining that N.C.G.S.

§ 15A-534.1(b) as applied to the defendant in *State v. Thompson* was unconstitutional, we noted:

> Defendant was arrested at 3:45 p.m. on a Saturday. The magistrate's order of commitment did not authorize defendant's release from jail for a bond hearing until 3:45 p.m. the following Monday. Defendant was not brought before a judge upon the opening of court on Monday morning. He, instead, remained in jail until Monday afternoon, almost forty-eight hours after his arrest.

*Id.* at 497, 508 S.E.2d at 285-86. In *Thompson,* we concluded "that the application of N.C.G.S. § 15A-534.1(b) . . . significantly harmed defendant's fundamental right to liberty when unreasonable delay prevented him from receiving a prompt post-detention hearing before the first available judge regarding the conditions of his pretrial release." *Id.* at 502, 508 S.E.2d at 289.

In the case *sub judice*, the record does not indicate that there was unreasonable delay in holding the post-detention hearing. On Sunday, 3 December 1995, defendant was arrested and taken before a magistrate who ordered that he be brought before a judge pursuant to N.C.G.S. § 15A-534.1(b) on the very next day, Monday, 4 December 1995. Defendant was in fact brought before District Court Judge Carolyn Johnson on Monday, 4 December 1995, and she set a secured bond of $10,000, which subsequently was reduced to $1,000. There is no evidence here that the magistrate arbitrarily set a forty-eight-hour limit as in *Thompson* or that the State did not move expeditiously in bringing defendant before a judge.

Therefore, we conclude that N.C.G.S. § 15A-534.1(b) is constitutional as applied to this defendant. Accordingly, the decision of the Court of Appeals is affirmed.

AFFIRMED.

Justices MARTIN and WAINWRIGHT did not participate in the consideration or decision of this case.