STATE OF NORTH CAROLINA v. ARCADIA LOGAN JENKINS

No. COA99-518

(Filed 4 April 2000)

**Bail and Pretrial Release— domestic violence—pretrial release hearing—reasonable time—procedural due process**

The trial court erred in dismissing the assault on a female charge, based on its conclusion that defendant's procedural due process rights were violated by application of N.C.G.S. § 15A-534.1 regarding a timely pretrial release hearing in a domestic violence case when there was a session of court at 9:30 a.m. and defendant's bond hearing was delayed until 1:30 p.m., because the facts of this case reveal: (1) the trial court's usual practice was to hold bond hearings at 1:30 p.m. for the purpose of scheduling cases in a rational and sufficient manner given the nature and volume of cases in district court; and (2) defendant's bond hearing occurred in a reasonably feasible time and promoted the efficient administration of the court system.

Appeal by the State from order entered 6 January 2000 by Judge Timothy S. Kincaid in Gaston County Superior Court. Heard in the Court of Appeals 22 February 2000.

*Attorney General Michael F. Easley, by Special Deputy Attorney General William P. Hart and Assistant Attorney General Amy C. Kunstling, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr. for defendant-appellee.*

WALKER, Judge.

The State appeals the 6 January 2000 order of the trial court dismissing female assault charges against the defendant. Defendant was arrested in the early morning of 8 May 1998 for allegedly assaulting a female, Ellen Jenkins. After defendant's arrest, he was received at the

detention facility at 6:15 a.m. The magistrate ordered the defendant to be held without bond because of "domestic violence," and set the case for bond hearing in district court at 1:30 p.m. If defendant had not appeared before a district court judge by 6:30 a.m. on 10 May 1998, defendant was to be brought back before the magistrate for a determination of the terms of defendant's release.

Defendant appeared before the district court judge at approximately 1:30 p.m. on 8 May 1998 and was released after a $500.00 unsecured bond was set. On 8 September 1998, defendant was indicted for habitual misdemeanor assault under N.C. Gen. Stat. § 14-33.2 (1999), based upon five prior misdemeanor convictions, four of which were assault on a female.

In superior court, the defendant moved to dismiss the pending charges based on violations of his federal and state procedural due process rights to a timely pre-trial release hearing, which the trial court granted.

The State argues that the trial court erred in concluding that defendant's procedural due process rights were violated by the application of N.C. Gen. Stat. § 15A-534.1 (1999), which states in part:

A defendant may be retained in custody not more than 48 hours from the time of arrest without a determination being made under this section by a judge. If a judge has not acted pursuant to this section within 48 hours of arrest, the magistrate shall act under the provisions of this section.

N.C. Gen. Stat. § 15A-534.1(b) (1999).

Our Supreme Court addressed the constitutionality of section 15A-534.1 in *State v. Thompson*, 349 N.C. 483, 508 S.E.2d 277 (1998). In *Thompson*, the defendant was charged with three misdemeanors, including assault inflicting serious injury, which was a domestic violence charge. The defendant was arrested on Saturday, 28 October 1995, and the magistrate's order of commitment did not authorize defendant's release from jail for a bond hearing until forty-eight hours later, which defendant received the following Monday afternoon. *Id.* at 497, 508 S.E.2d at 285. In *Thompson*, our Supreme Court took judicial notice that two district court judges and two superior court judges were available during morning sessions of court on Monday, 30 October 1995. *Id.* at 498, 508 S.E.2d at 286. The Court emphasized that "defendant was not brought before a judge upon the opening of court on Monday morning. He, instead, remained in jail until Monday after-

noon, almost forty-eight hours after his arrest." *Id.* at 497, 508 S.E.2d at 285-86.

The Court denied defendant's argument that section 15A-534.1 was facially unconstitutional, but held that section 15A-534.1 was applied unconstitutionally and violated defendant's rights to a timely pre-trial release hearing. *Id.* at 498, 508 S.E.2d at 286. The Court held:

> Under these discrete facts, we agree with defendant that the magistrate's order automatically detaining him without a hearing until well into the afternoon, while available judges spent several hours conducting other business, violated his procedural due process rights to a timely pretrial-release hearing under N.C. Gen. Stat. § 15A-534.1(a).

*Id.* Further, the Court stated that "resolution of whether the statutory procedures as implemented here are constitutionally sufficient requires analysis of the particular circumstances of the case." *Id.*

The Court weighed the importance of the private interests affected, the harm inflicted by any delay, "the justification offered by the Government for delay and its relation to the underlying governmental interest; and the likelihood that the interim decision may have been mistaken." *Id.* at 499, 508 S.E.2d at 287 (*quoting FDIC v. Mallen,* 486 U.S. 230, 242, 100 L. Ed. 2d 265, 279 (1988)). Under this analysis, the Court concluded that "[b]ecause defendant did not obtain his hearing before a judge regarding his bail and conditions of release 'as soon as [was] reasonably feasible,' . . . defendant was detained longer than necessary to serve the State's interest in having a judge, rather than a magistrate, determine the conditions of his pretrial release." *Id.* at 502-03, 508 S.E.2d at 289 (citations omitted).

Our Supreme Court recently revisited this issue in *State v. Malette,* 350 N.C. 52, 509 S.E.2d 776 (1999). *Malette* was heard in the Supreme Court on the same day as *Thompson,* 14 October 1998, but was not filed until 5 February 1999, almost a month after the trial court dismissed the charges in the present case. In *Malette,* the Court held that N.C. Gen. Stat. § 15A-534.1 was applied constitutionally to a defendant who was arrested on 3 December 1995 and did not receive a bond hearing until some time the next day. *Id.* at 55, 509 S.E.2d at 778. The Court, under a case-by-case analysis, reasoned that "[t]here is no evidence here that the magistrate arbitrarily set a forty-eight-hour limit as in *Thompson* or that the State did not move expeditiously in bringing defendant before a judge." *Id.*

Here, defendant argues that his procedural due process rights were violated since there was a session of district court at approximately 9:30 a.m., but his bond hearing was delayed until 1:30 p.m. that afternoon.

The trial court agreed and in its order stated in part:

(5) Defendant contends that there were sessions of District Court being conducted on the morning—on Friday morning which convened at approximately 9:30. The defendant was not brought before a judge during the morning session.

. . .

(7) The Court . . . finds that it is the common practice to schedule bond hearings in Gaston County at 1:30 p.m. for defendants held in detention, obviously for the purpose of scheduling of District Court cases in a rational and sufficient manner given the nature and volume of the District Court. It is also necessary for the papers regarding the defendant's arrest and detention to be filed in the Clerk of Court's office for the effect of having the matter docketed so that a judicial official authorized under G.S. 15A-534.1 may conduct a hearing.

(8) The defendant was held from 6:15 until sometime in the afternoon of May 8th without benefit of bond pursuant to N.C.G.S. 15A-534.1. According to the case of State of North Carolina vs. Ronnie Thompson, the defendant in that case was held approximately two hours and fifteen minutes longer than the defendant, Mr. Jenkins, in this case when a judge was purportedly available.

The trial court concluded that pursuant to *Thompson*, the "failure to provide defendant with a bond hearing at the first opportunity when a judge was available is . . . constitutionally impermissible."

Here, defendant was arrested in the early morning of 8 May 1998 and was received into the detention facility at 6:15 a.m. At approximately 6:30 a.m., the magistrate's release order set defendant's bond hearing for 1:30 p.m. that afternoon. Defendant's hearing was held at approximately 1:30 p.m. and the defendant was released upon signing an unsecured bond. The trial court found that the usual practice of the district court was to convene at 9:30 a.m. on Friday morning. Also, bond hearings are usually set for 1:30 p.m. for the purpose of "scheduling . . . District Court cases in a rational and sufficient manner given

the nature and volume of District Court" and because of the need to file papers with the Clerk of Court so that the matter may be set for a hearing under N.C. Gen. Stat. § 15A-534.1.

Although defendant was detained for approximately seven hours, we find his bond hearing occurred in a reasonably feasible time and promoted the efficient administration of the court system. In weighing the defendant's private interests and the harm caused by the delay against the governmental interest of processing defendants in a rational, efficient manner, we conclude that, under these facts, defendant's constitutional rights were not violated. Therefore, under the "flexible demands of procedural due process," *Thompson*, 349 N.C. at 498, 508 S.E.2d at 286, N.C. Gen. Stat. § 15A-534.1 was applied constitutionally to this defendant, and we reverse the trial court's order dismissing the charges against defendant.

Reversed.

Judges GREENE and TIMMONS-GOODSON concur.